UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND PLOTT,** | ) | Case No. 3:18-CV-2372 |
| | ) | |
| Petitioner | ) | Judge Dan Aaron Polster |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NEIL TURNER,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the court is the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg in the above-entitled action ("R&R"), **Doc #: 8**. Magistrate Judge Greenberg recommends that Petitioner Raymond Plott's 28 U.S.C. § 2254 petition, Doc #: 1, be dismissed. Doc #: 8 at 37. Plott timely filed Objections to the R&R. Doc #: 9.

I.     **Background**

Plott was originally indicted in the Common Pleas Court of Seneca County, Ohio on two counts of rape based on allegations that Plott raped K.D. twice. Doc #: 7-1 at 7-8.[1] Following a trial and multiple days of jury deliberation, the state trial court determined that the jury was deadlocked and declared a mistrial. Doc #: 7-1 at 11-12. Plott then moved to dismiss the indictment, arguing that a retrial was barred by the double jeopardy clause. Doc #: 7-1 at 20. The state trial court denied his motion. Doc #: 7-1 at 27. Plott appealed, and the state appellate court affirmed the judgement. *State v. Plott*, No 13-14-21, 2015 Ohio App. LEXIS 895 (Ohio Ct. App. 3d Dist. Mar. 16, 2015).

---

[1] Plott was also indicted for domestic violence against Julia A. Mele, Doc #: 7-1 at 5. This indictment was dismissed at the request of the prosecutor. Doc #: 7-1.

Plott was subsequently indicted for domestic violence and abduction based on allegations involving Julia A. Mele. Doc #: 7-1 at 101-102. The state trial court consolidated the two indictments to be tried together at one trial. Doc #: 7-1 at 103-104. The case went to trial and the jury found Plott guilty of one charge of rape, one charge of domestic violence, and one charge of abduction. Doc #: 7-1 at 117-118.

Following direct appeals, Plott filed a petition under 28 U.S.C. § 2254 challenging his state conviction on three grounds: (1) his Fifth Amendment rights were violated when his decision to remain silent was commented upon by the prosecution during trial; (2) his due process rights were violated by the joinder of the two indictments; and (3) his due process rights were violated by the admission of improper and prejudicial hearsay testimony. Doc #: 1. Respondent Warden Neil Turner filed a return of writ asking that Plott's petition be dismissed. Doc #: 7. Magistrate Judge Greenberg then issued a thorough R&R recommending that Plott's petition be dismissed. Doc #: 8.

Plott timely filed Objections to Magistrate Judge Greenberg's R&R, objecting to the Magistrate Judge's conclusions on his first and third grounds for relief.[2] Doc #: 9.

## II.    Standard of Review & Analysis

This Court reviews de novo the contested portions of a report and recommendation. *U.S. v. Raddatz*, 447 U.S. 667, 673-74 (1980). The Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984).

---

[2] Because Plott dose not object to the Magistrate Judge's R&R regarding his second ground for relief, he has waived all objections for that ground.

2

> Relief under § 2254 can be granted when the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### A. First Claim for Relief

Plott's first claim for relief is that his Fifth Amendment rights were violated when his decision to remain silent was commented upon by the prosecution during trial. The basis of this claim is the following examination of Lieutenant Windsor:

> Q [Prosecutor]: Did you have a chance to speak with the Defendant, Raymond Plott, about this case?
>
> A [Windsor]: I spoke with him over the phone on Monday, I believe, July 8th.
>
> Q: And what did he tell you?
>
> A: He said he was coming to turn himself in and that he wasn't going to talk to me without his attorney.

Doc #: 7-2 at 158.

The controlling law is undisputed. A defendant's due process rights are violated when a prosecutor uses post-*Marinda* warning silence to impeach exculpatory trial testimony. *Doyle v. Ohio*, 426 U.S. 610, 618 (1976). "Silence" includes "the statement of a desire to remain silent as well as of a desire to remain silent until an attorney has been consulted." *Wainwright v. Greenfield*, 474 U.S. 284, 295, n.13 (1983). Such violations are commonly called "*Doyle* errors."

*Doyle* errors warrant § 2254 relief only if the error was not harmless. *Jaradat v. Williams*, 591 F.3d 863, 868-69 (6th Cir. 2010). An error is harmless if it "had substantial or injurious effect or influence in determining the jury's verdict." *Id.* at 869 (citing *Brecht v. Abrahamson*,

3

507 U.S. 619, 623 (1993). The government bears the burden of showing that the error was harmless. *Jaradat*, 591 F.3d at 869 (citation omitted).

The Magistrate Judge concluded that "Considering the totality of the circumstances, this Court cannot find the prosecutor's single question relating to Plott's post-arrest silence had a substantial effect on the jury's verdict." Doc #: 8 at 26.

Plott objects to the Magistrate Judge's conclusion. Doc #: 9 at 5. Plott presents four contentions which he argues show that the *Doyle* error had a substantial or injurious effect in determining the jury's verdict.

First, Plott explains that the first trial, where no *Doyle* error occurred, ended in a mistrial whereas the second trial, where the *Doyle* error occurred, resulted in a conviction. Doc #: 9 at 5. While this is true, it does not mean that the conviction is attributable to the *Doyle* error. As the Magistrate Judge noted, both parties doubtlessly used different trial strategies in the second trial because the first trial ended in a mistrial and the second trial involved additional charges. Doc #: 8 at 25.

Second, Plott suggests that the *Doyle* error is what caused him to testify in the second trial. Doc #: 9 at 7. The Magistrate Judge and the state appellate court already addressed this issue and found that "there is no indication that Plott took the stand to refute this single, isolated comment." Doc #: 8 at 25. This Court agrees.

Third, Plott asserts that the jury was led to believe that the *Doyle* error was important because the state trial court overruled Plott's objection to the statement. Doc #: 9 at 7. A trial court sustaining an objection and providing a corrective instruction can show that a *Doyle* error is harmless. *See State v. Treesh*, 739 N.E.2d 749, 771 (Ohio 2001). But the opposite is not true.

A trial court's overruling an objection to a *Doyle* error does not mean that the *Doyle* error had a substantial or injurious effect in determining the jury's verdict. *See Jaradat*, 591 F.3d at 871.

Fourth, Plott asserts that the *Doyle* error must have influenced the jury's verdict because the evidence of his guilt was not overwhelming. Plott is wrong. The state appellate court already determined that the physical and testimonial evidence support the jury's verdict. *State v. Plott*, 80 N.E.3d 1108, 1124-26 (Ohio 2017). This Court agrees.

Thus, the Court agrees with the Magistrate Judge that the *Doyle* error is harmless. Lieutenant Windsor's casual reference to Plott's silence was not emphasized or presented in a prejudicial manner. And the prosecutor never referred to Plott's silence. There is nothing to suggest that the *Doyle* error had a substantial or injurious effect in determining the jury's verdict. Accordingly, the *Doyle* error is harmless and dose not merit § 2254 relief.

### B. Third Claim for Relief

Plott's Objections pertaining to his third claim for relief rehash the arguments presented in his petition and are fully addressed by the Magistrate Judge in his R&R. Accordingly, the Court is not obligated to review de novo these arguments. Regardless, the Court has reviewed the relevant documents and agrees with the Magistrate Judge's conclusion.

### III. Conclusion

For the above reasons, the Court hereby **OVERRULES** Plott's Objections, Doc #: 9, and adopts the Report and Recommendation in full. Plott's petition for habeas corpus pursuant to 28 U.S.C. § 2254, **Doc #: 1**, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Dan Aaron Polster June 17, 2020
**Dan Aaron Polster**
**United States District Judge**